# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

ANTHONY D. McCORMICK,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

          Defendant.

No. C 12-4061-MWB

**ORDER ACCEPTING REPORT AND
RECOMMENDATION**

---

      This case is before me on a Report And Recommendation from United States Magistrate Judge Leonard Strand, entered on July 26, 2013 (docket no. 12).  In this case, the plaintiff, Anthony McCormick (McCormick), appeals an administrative law judge's (ALJ's) decision denying McCormick Title II disability insurance benefits.  I referred the case to Judge Strand in January 2013.  Upon reviewing the record, Judge Strand found that the evidence did not support the ALJ's decision to discount the opinion of Dr. Luft, one of McCormick's treating doctors.  Judge Strand also found that the ALJ did not properly evaluate McCormick's credibility using the factors outlined in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  Based on this finding, Judge Strand recommended that, on remand, the ALJ should:

> 1) Conduct a new analysis of Dr. Luft's opinions in accordance with the standards described in 20 C.F.R. § 404.1527. If the ALJ determines that those opinions are not entitled to controlling weight, the ALJ shall fully explain the reasons for that determination and shall then apply the appropriate factors and provide good reasons for the weight the ALJ gives to those opinions.

> 2) Conduct a new analysis of McCormick's credibility using the *Polaski* factors, taking into consideration the Eighth Circuit's guidance concerning the severe impairment of fibromyalgia.

Report And Recommendation 36-37 (docket no. 12). No party has filed objections to the Report And Recommendation, and the 14-day window in which parties may file objections is now closed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

I review Judge Strand's Report And Recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's Report And Recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's Report And Recommendation at any time. *Id.* If a party files an objection to the magistrate judge's Report And Recommendation,

however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, the parties filed no objections to the Report And Recommendation. As a result, the parties waive both their right for me to review the Report And Recommendation *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Thus, I will review Judge Strand's Report And Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's Report And Recommendation for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under

this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Having reviewed the record, and Judge Strand's very thorough and well-written findings of fact and conclusions of law in the July 26, 2013, Report And Recommendation, I find no error and **accept** the Report And Recommendation (docket no. 12). The Commissioner's decision is **reversed** and this case is **remanded** for further proceedings consistent with Judge Strand's Report And Recommendation. The Clerk is directed to enter judgment against the Commissioner and in favor of McCormick.

**IT IS SO ORDERED**.

**DATED** this 14th day of August, 2013.

_Mark W. Bennett_
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA