# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. MCCORMICK,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C 12-4061-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

## *I.     INTRODUCTION*

This case is before me on plaintiff Anthony McCormick's (McCormick's) application for attorney's fees, which he filed on October 24, 2013 (docket no. 15). McCormick's application follows my August 14, 2013, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying McCormick disability benefits, and remanded McCormick's claim to the Commissioner for further consideration (docket no. 13). The Clerk entered judgment in favor of McCormick on August 14, 2013 (docket no. 14).

In his application, McCormick requests $4,096.57 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He also requests $350.00 from the Judgment Fund, administered by the United States Treasury, to reimburse his filing fee. In support of his application, McCormick submits (1) a declaration from his attorney, Thomas Krause (Krause), (2) an itemized billing record documenting the hours that Krause spent working on the case, and (3) the consumer price index (CPI)

table used in calculating cost-of-living adjustments to McCormick's attorney's fees (docket no. 15-1).

The Commissioner filed a response to McCormick's application on November 6, 2013 (docket no. 16). The Commissioner has no objection to McCormick's request for $4,096.57 in attorney's fees or $350.00 for the filing fee, but asks that I specifically order that the attorney's fees be paid by the Social Security Administration and the filing fee be paid from the Judgment Fund.

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that McCormick is a prevailing party. I also find that the position of the United States was not substantially justified because the Commissioner, who bears the burden of proving substantial justification, does not claim that her position was substantially justified and instead agrees that McCormick should receive an EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). I find that the settlement award under the EAJA is just and appropriate; $4,096.57 is reasonable for 19.4 hours of work by Krause (docket no. 15-1, at 1) (noting that Krause worked 19.4 hours on the case). I, therefore, grant McCormick's application for attorney's fees in the amount of $4,096.57. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing social security plaintiff, not his attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). Thus, I find that McCormick's award must be payable directly to McCormick. I also grant McCormick's application for $350.00 as reimbursement of his filing fee. *See* 28 U.S.C. § 1920 (filing fee is a taxable cost); 28 U.S.C. § 2412(a)(1) (allowing reimbursement of taxable costs to prevailing parties against United States officials).

### III. CONCLUSION

**THEREFORE,** McCormick's application for attorney's fees under the EAJA (docket no. 15) is **granted**. I award McCormick $4,096.57 in attorney's fees under the EAJA, which is subject to offset for any debts McCormick may owe to the United

3

States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to McCormick's attorney, Krause. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment"). I also award McCormick $350.00 as reimbursement for his filing fee. This award shall be paid from the Judgment Fund administered by the United States Treasury, and not by the Social Security Administration under the EAJA. 28 U.S.C. §§ 2412(a), (c)(1), 2414; 31 U.S.C. § 1304.

**IT IS SO ORDERED**.

**DATED** this 8th day of November, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA