# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. MCCORMICK,<br><br>Plaintiff,<br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. C12-4061-MWB<br><br>**OPINION AND ORDER REGARDING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES** |

## I. *INTRODUCTION AND BACKGROUND*

This case is before me on plaintiff Anthony B. McCormick's Supplemental Motion For Attorneys Fees Pursuant To 42 U.S.C. § 406(b), brought by his attorney Thomas Krause (docket no. 25).

McCormick filed applications for disability insurance benefits and supplemental security income benefits. The Commissioner ultimately denied his applications. On July 2, 2012, McCormick signed an attorney fee agreement with Krause, in which McCormick agreed to pay a fee equal to twenty-five percent of his past-due benefits. Krause timely appealed the adverse agency decision to this court. On July 26, 2013, United States Magistrate Judge Leonard T. Strand filed a Report and Recommendation, in which he recommended that the Commissioner's decision be reversed.[1] On August 14, 2013, I entered a Memorandum Opinion And Order, accepting Judge Strand's Report and Recommendation, in which I reversed the Commissioner's decision that McCormick is not

---

[1]On February 11, 2016, Judge Strand was confirmed as a United States District Court Judge for the Northern District of Iowa, and he is now Chief Judge in the Northern District of Iowa.

disabled and remanded for further proceedings. McCormick received a favorable decision on remand. On November 8, 2013, I granted McCormick's unopposed Application For Attorney Fees Under The Equal Access To Justice Act, in the amount of $4,096.57. On June 5, 2014, the Commissioner issued a Notice of Award to McCormick and determined that he was entitled to $71,965.00 in past-due benefits.

On July 10, 2014, Krause filed a Motion For Attorneys Fees Pursuant To 42 U.S.C. § 406(b), requesting $11,991.25 in attorney fees. The Commissioner filed a response in which she indicated that she did not oppose Krause's fees request. On August 27, 2014, I granted McCormick's unopposed Motion For Attorneys Fees Pursuant To 42 U.S.C. § 406(b), in the amount of $11,991.25. Krause refunded the $4,096.57 he received in EAJA fees to McCormick.

On January 13, 2017, the Commissioner notified McCormick that he had been awarded additional past-due benefits of $52,722.50 for his children, and that the Commissioner has withheld $8,987.50 of the award for the payment of attorney fees. Krause now requests an additional $5,000.00 in attorney fees pursuant to 42 U.S.C. 406(b). The Commissioner filed a response in which she indicated that she considers Krause's requested fees "excessive" and "not reasonable."

## II. LEGAL ANALYSIS

Section 406(b) supplies the standard for determining attorney fees after a favorable court judgment for a Social Security benefits claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to

2

> subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Therefore, the touchstone for determining attorney fees is reasonableness, with an absolute cap on fees set at twenty-five percent of a claimant's past-due benefits. A claimant's contingency fee agreement with his or her counsel, however, is also relevant:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, the court cannot enforce any agreement that provides fees exceeding twenty-five percent. *Id*. If a contingent-fee agreement provides for fees within the statutory ceiling, then the court must "review for reasonableness fees yielded by those agreements." *Id.* at 809.

The statute does not create a presumption of reasonableness on the agreed amount, *id.* at 807 n.17, and the burden is on the attorney for the successful claimant to "show that the fee sought is reasonable for the services rendered." *Id*. at 807. Thus, the attorney's recovery should be "based on the character of the representation and the results the representative achieved." *See id*. at 808. The court may take into consideration the timeliness of counsel's work, as well as the comparative difference between the amount of benefits received by the claimant and "the amount of time counsel spent on the case." *Id.*

3

(noting attorney delay and windfalls would justify reductions below the contingent fee agreement amount); *see also Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 920-22 (S.D. Iowa 2005) (discussing whether an award under § 406(b) is a windfall). The court may ask the claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" in order to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id*.

Reasonableness must also be determined in the context of social security litigation, where contingent fees are required, *see id.* at 806-07 ("[A]ny endeavor by the claimant's attorney . . . to charge the claimant a noncontingent fee, is a criminal offense." (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2))), and where claimants are often unsuccessful, *see* Soc. Sec. Advisory Bd., Disability Decision Making: Data and Materials 91 (May 2006), available at http://ssab.gov/documents/chartbook.pdf (noting that only five percent of appeals to federal court allow benefits and forty-five percent are remanded). Thus, there is a risk of nonpayment that alters what may normally be reasonable in a noncontingent context. *See Brannen v. Barnhart*, No. 99-CV-325, 2004 WL 1737443, at *7 n.11 (E.D. Tex. July 22, 2004) ("A generous de facto hourly rate, among other things, reflects the contingent nature of the representation."). In addition, fee awards should be substantial enough to encourage attorneys to accept social security cases in light of the nonpayment risk. Nevertheless, there is another—competing—policy concern at stake in social security cases: protecting the claimant's disability award. *See Gisbrecht*, 535 U.S. at 805 (noting that the attorney fee comes "out of the amount of accrued benefits" so "that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees" (alteration in original) (internal quotations omitted)).

As a preliminary matter, Krause's supplemental request of $5,000.00 comes within the statutory ceiling of § 406(b), as it is less than twenty-five percent of McCormick's additional past-due benefits of $52,722.50 for his children. Likewise, $5,000.00 is less

4

than the fee provided by Krause and McCormick's contingency agreement, which also set Krause's fee at twenty-five percent of McCormick's past-due benefits. Of course, there is no presumption that the agreed-upon fee in this case is reasonable. *See id.* at 807 n.17. Rather, I must evaluate whether Krause has shown that his $5,000.00 request is reasonable.

At first blush, the hypothetical hourly rate of $875.84 appears too high, especially when compared with the market rate that Krause reported for his work in his EAJA application—$225.00. *See* Declaration of Thomas A. Krause. Nevertheless, Krause achieved a very favorable result for McCormick, garnering additional past-due benefits of $52,722.50 for McCormick's children. The requested fee is less than ten percent of that figure. As with all social security appeals, Krause accepted this case on contingency, with the risk of not receiving any payment. Therefore, I find that $5,000.00 is a reasonable supplemental fee request in this case.

### III. CONCLUSION

THEREFORE, Krause's Supplemental Motion For Attorneys Fees Pursuant to 42 U.S.C. § 406(b) (docket no. 25) is granted. I order a supplemental payment of $5,000.00 in attorney fees to Thomas Krause.

**IT IS SO ORDERED**.

**DATED** this 12th day of April, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA